UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

LANE JESTER, ADC #127293,                                                          PETITIONER

v.                                    5:14CV00361-BSM-JJV

WENDY KELLEY[1], Director,
Arkansas Department of Correction                                               RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

      The following recommended disposition has been sent to United States Chief District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

      If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District

---

[1] The Petition named Ray Hobbs as Respondent. Mr. Hobbs retired on October 31, 2014, and was replaced by Larry Norris as Interim Director. Wendy Kelley was appointed as Director on January 13, 2015. Pursuant to Federal Rule of Civil Procedure 25(d), Ms. Kelley is automatically substituted as Respondent in place of Mr. Hobbs.

1

Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy or the original of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I. PROCEDURAL HISTORY

On November 22, 2013, Petitioner, Lane Jester, pleaded guilty to battery in the first degree, breaking or entering, commercial burglary, and theft of property. (Doc. No. 5-1.) The Sebastian County Circuit Court sentenced him to 168 months imprisonment in the Arkansas Department of Correction (ADC). (*Id*.) The sentences for each offense and for his parole violation were to run concurrently, and he was given thirteen days credit for jail time. *Id.*

On May 18, 2014, Mr. Jester filed a grievance with the ADC Hawkins Unit. (Doc.

5-2.) He requested the ADC give him "credit for time served" for the 268 days that he was incarcerated after the commission of the offense but before imposition of his sentence. (*Id.*) His grievance was denied, and Assistant Director Grant Harris affirmed the decision on August 4, 2014. (Doc. No. 1.)

Mr. Jester then filed his current Petition on September 29, 2014. (*Id.*) He asks the Court to grant relief by applying 268 days to his sentence computation. Mr. Jester believes the pre-sentence time should be subtracted from his 168-month sentence. (*Id.*) Respondent responded on November 10, 2014, arguing that Petitioner's claim is an issue of state law. (Doc. No. 5.) Mr. Jester filed two, similar replies expanding on his claim (Doc. Nos. 8, 9) and a Motion for Transcript (Doc. No. 10). After careful review of the pleadings in this matter, the Court, *sua sponte*, finds that Mr. Jester failed to exhaust state remedies.

**II.     ANALYSIS**

Before turning to the merits of the claim, the Court must initially consider whether Mr. Jester has exhausted the remedies available to him in state court. Questions of available state remedies require this Court to look to the provisions of 28 U.S.C. 2254(b) and (c). These subsections codify the doctrine of comity by requiring the exhaustion of state remedies prior to bringing federal habeas corpus claims. *Lenza v. Wyrick*, 665 F.2d 804 (8th Cir. 1981). The exhaustion requirement is necessary to afford the state courts the opportunity to correct any constitutional errors before federal courts intervene. *Id.* However, this requirement will not be construed to require the filing of repetitious or futile applications for relief in state court. *Rodgers v. Wyrick*, 62l F.2d 92l, 924 (8th Cir. 1980). In addition, a

federal court should defer action only "if there is some reasonable probability that the relief which the petitioner seeks will actually be available to him." *Powell v. Wyrick,* 657 F.2d 222, 224 (8th Cir. 1981).

Mr. Jester claims he is entitled to 268 days credit for time served and asks this Court to apply that time to his sentence. (Doc. 1.) However, Arkansas law provides statutory remedies for inmates to challenge the computation of their sentences. *See* Ark. Code Ann. § 16-111-101, *et seq.* (declaratory relief statute); § 16-115-101, *et seq.* (mandamus statute). State prisoners who disagree with the computation of their sentences can file actions for declaratory judgment and writs for mandamus against the ADC. *Shabazz v. Norris*, No. 95-3112, 1996 WL 32851 (C.A.8 (Ark.)) (unpublished).

Before receiving relief through 28 U.S.C. § 2254, Mr. Jester must first file for declaratory judgment and writ of mandamus against the ADC in Jefferson County.[2] Mr. Jester argues that he filed a petition for a writ of mandamus in Jefferson County on June 4, 2014, but "they refused to even file it!"[3] (Doc. Nos. 1, 8, 9). However, he provides no evidence of the correspondence. This Court cannot provide relief without affording Jefferson County Circuit Court the opportunity to correct any constitutional violations.

So after a review of the pleadings and supporting documents, the Court concludes Mr.

---

[2]These petitions, "which [are] civil in nature, [are] properly filed in the county in which the defendant, i.e. the Director [of ADC] or keeper of records of the Arkansas Department of Correction, is located." *Wiggins v. State*, 299 Ark 180 (1989).

[3]Mr. Jester later attempted to file a writ of mandamus to the Arkansas Supreme Court, but it was returned to him because he needed "to proceed in the appropriate circuit court." (Doc. No. 1 at 5).

4

Jester has failed to exhaust his state court remedies because he has not brought a request for declaratory judgment and writ of mandamus raising the issue which he now presses in his habeas Petition.  As a result, the Court concludes Petitioner must first exhaust his available state court remedies as required by 28 U.S.C. § 2254(b) and (c).  Accordingly, Mr. Jester's Petition should be dismissed without prejudice to allow the Petitioner to pursue relief in state court.

### III.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.   This cause of action be DISMISSED without prejudice for failure to exhaust administrative remedies.

2.   All pending motions should be denied as MOOT.

IT IS SO RECOMMENDED this 10th day of February, 2015.

```
                                    _____
                                    JOE J. VOLPE
                                    UNITED STATES MAGISTRATE JUDGE
```